Filed 7/24/24  In re Luis N. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re LUIS N., a Person Coming Under the Juvenile Court Law. | B332337 (Los Angeles County Super. Ct. No. 22LJJP00432A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>SAMMY N.,<br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jennifer W. Baronoff, Judge Pro Tempore. Affirmed.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Sammy N. (father) appeals from the juvenile court's order terminating dependency jurisdiction over his son, Luis N., and issuing an exit order limiting father to monitored visitation with Luis.  Father contends that the juvenile court's requirement in the exit order that his visitation be monitored was based, at least in part, on father's failure to complete mental health services that the court previously ordered at the dispositional hearing in this matter.  Because we have affirmed the mental health services requirement in the dispositional order in a recently filed separate opinion (*In re Luis N.* (June 4, 2024, B326735) [nonpub. opn.] (*Luis N. I*)), father's purely derivative arguments challenging the visitation component of the exit order necessarily fail.  Thus, we affirm.[1]

## FACTS AND PROCEDURAL BACKGROUND

We hereby incorporate Sections I through VII of the Facts and Procedural Background section from our opinion in *Luis N. I* and will not restate them here; we will renumber the sections herein as if they are a continuation of the Facts and Procedural Background section in *Luis N. I*.

---

[1]     We deny the motion filed by the Los Angeles County Department of Children and Family Services to dismiss this appeal.

**VIII. Father's Appeal from the Jurisdictional and Dispositional Order**

Father appealed from the juvenile court's jurisdictional and dispositional order arguing, among other things, that the court erred in requiring him to participate in mental health services as part of his case plan. We affirmed that dispositional order in *Luis N. I.*

**IX. Termination of Jurisdiction With Exit Order**

While father's appeal in *Luis N. I* was pending, the juvenile court terminated jurisdiction over Luis on July 21, 2023, and issued an exit order granting mother sole legal and physical custody. Father was granted visitation with Luis for nine hours every other week, but the court ordered that the visitation be monitored because father had not completed numerous aspects of his case plan, including among them the requirement to undergo mental health services.

**X. Father's Appeal**

Father separately appealed the order terminating jurisdiction.

**DISCUSSION**

Father argues that if we agree with his challenge in *Luis N. I* to the dispositional order requiring him to participate in mental health services, then the juvenile court erred in basing the monitored visitation component of the exit order on, at least in part, father's failure to comply with those mental health services. Father requests that we (1) reverse the exit order, (2) strike the portion of the exit order limiting him to monitored visitation, or (3) remand to the juvenile court to consider what type of visitation he should have with Luis without regard to his noncompliance with the mental health services. Father makes no

argument challenging the termination of jurisdiction or the exit order that is independent of his hope that we reverse the dispositional order in *Luis N. I.*

Because we have rejected father's challenge to the mental health services and have affirmed the dispositional order in *Luis N. I*, the wholly derivative appeal here from the termination of jurisdiction necessarily fails. Father's only response is that until our decision in *Luis N. I* becomes final, we are paralyzed from moving forward with disposing of this current appeal. We disagree, particularly where, as here, father never sought to consolidate the two appeals to keep them on the same track. (Cal. Rules of Court, rule 3.350.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST


4